**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT A. CARTER, III,**

    **Plaintiff,**

**vs.**                               **CASE NO. 4:22-CV-00399-TKW-MAF**

**WAKULLA CORR. INST.[1],**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Robert A. Carter, III, a *pro se* prisoner housed at Wakulla Correctional Institution (Wakulla C.I.), initiated this civil rights case pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). See ECF No. 1. Plaintiff did not pay the requisite filing fee and did not file a motion to proceed *in forma pauperis* (IFP). This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint insufficient as filed. ECF No. 3. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner,

---

[1] The docket indicates that Plaintiff sued Wakulla C.I.; however, Plaintiff did not name any defendant in this case. See ECF No. 1, pp. 1-3. The only reference Plaintiff makes to Wakulla C.I. is identifying it as his own address. Id., pp. 2, 13. The Clerk is DIRECTED terminate Wakulla C.I. as a defendant.

Case No. 4:22-CV-00361-WS-MAF

404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not correct deficiencies by December 16, 2022. ECF No. 3. The Court also advised Plaintiff to either submit an IFP application or, alternatively, to pay the $402 filing fee. Plaintiff ignored the Court's order. As of drafting this Report, Plaintiff has not filed an *IFP* motion, did not pay the requisite fee, and did not amend his complaint. For the reasons stated, it is recommended that the complaint be dismissed; and the case be closed.

**I.    Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain

an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). The Court begins with a summary of the complaint.

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff's complaint form is, essentially, blank. ECF No. 1. Plaintiff claims he is suing federal officials but fails to identify any defendant. Id., pp. 1-3. Plaintiff does not indicate his prisoner status, presents no factual

statement or claims, makes no request for relief, and does not identify any prior state or federal litigation. Id., pp. 4-12. Plaintiff signed the form under the penalty of perjury. Id., p. 13.

To make some sense of Plaintiff's filing, the Court takes judicial notice of a 45-year-old criminal case, Osceola County, Case No. 49-1977-CF-000173, in which Plaintiff was sentenced to life in prison for sexual battery.[2] Plaintiff is currently serving his sentence at Wakulla C.I. ECF No. 1, pp. 2, 13. The Court also reviewed PACER and determined that Plaintiff was never a defendant in a federal criminal case and has not been housed in any federal penitentiary. Therefore, it is unclear why Plaintiff would bring a case against federal officials. Id., p. 4.

The Court advised Plaintiff his complaint was legally insufficient and ordered him to amend, but Plaintiff has not done so. ECF No. 3. Because Plaintiff's complaint is essentially blank, it is completely frivolous.

---

[2] The Court takes judicial notice pursuant to Fed. R. Evid. 201. Osceola County criminal case records are available online at the following URL: https://courts.osceolaclerk.com/BenchmarkWeb/Home.aspx/Search.
Accessed: 11/17/2022.

According to the Florida Department of Corrections, Corrections Offender Network, this is the only case under which Plaintiff was sentenced to a prison term in the State of Florida. The Corrections Offender Network is available at the following URL: http://www.dc.state.fl.us/OffenderSearch/Search.aspx. Accessed: 11/17/2022.

### III. Discussion – Plaintiff Failed to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. & Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

Plaintiff's blank complaint is completely frivolous – it is devoid of any factual allegations. Under Section 1915(e), a complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Complaints should be dismissed as frivolous when the legal theories are "indisputabl[y] meritless" or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327; Denton v. Hernandez, 504

U.S. 25, 31, 122 (1992). The undersigned gave Plaintiff the opportunity to correct the deficiencies, but Plaintiff did not respond. ECF No. 3.

This case should also be dismissed for failure to comply with court orders. When ordered to amend, pay the fee or to submit an IFP motion, Plaintiff did not respond. Such defiance to this Court's orders need not be tolerated. Id. Dismissal is appropriate.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** without prejudice because it is frivolous. This complaint should also be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") Finally, it is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is **DIRECTED** to **CORRECT** the docket in this case to reflect that Wakulla C.I. shall be terminated as a defendant because Plaintiff did not name any defendant in this case.

IN CHAMBERS at Tallahassee, Florida on January 3, 2023.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).